RP

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Bruce Thurman Ward, | ) | No. CV 09-2075-PHX-DGC (MHB) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Joseph Arpaio, | ) | |
| Defendant. | ) | |

Plaintiff Bruce Thurman Ward, who is confined in the Maricopa County Lower Buckeye Jail has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1) and an Application to Proceed *In Forma Pauperis* (Doc. #3). The Court will order Defendant Joseph Arpaio to answer Counts I and II of the Complaint and will dismiss Count III for failure to state a claim upon which relief may be granted.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $19.71. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**TERMPSREF**

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

## III. Complaint

The Complaint names Joseph Arpaio, Maricopa County Sheriff, as Defendant. Plaintiff alleges three counts. In each count, Plaintiff alleges a violation of his Fifth, Eighth, and Fourteenth Amendment rights.

In Count I, Plaintiff claims Defendant Arpaio deliberately sets policy and directs his staff to feed inmates only two meals per day in order to cause pain and suffering from lack

1 of food. Plaintiff contends that the meals are too small and contain old or rotten food. He claims that the time between meals causes stomach cramps and that he is not permitted to save food to eat later in order to avoid suffering.

In Count II, Plaintiff asserts that Defendant Arpaio sets policy and deliberately directs his staff to overcrowd the holding cells in the Fourth Avenue, Lower Buckeye, and Madison Avenue Jails. He claims that the intake/booking cells in the Fourth Avenue Jail were designed to hold 10-12 detainees but were filled with 30 detainees, that there was no place to sit other than a floor that had urine and vomit on it, and that he was held in the cell for two days. Plaintiff alleges that Defendant Arpaio overcrowds the holding cells at the Lower Buckeye Jail by putting 50 or more inmates in one cell, thereby forcing them to "stand packed together." Plaintiff claims that the holding cells at the Madison Avenue Jail are designed for 15 detainees, but Defendant Arpaio fills them with over 100 detainees and that the beds have been removed and no benches are provided, requiring all 100 detainees and Plaintiff to stand.

In Count III, Plaintiff asserts that Defendant Arpaio sets policy and purposely directs his staff to "cause suffering through torture." He claims Defendant Arpaio provides access to the recreation room, but no activities are allowed, and Defendant Arpaio directs his staff to have the air conditioning vents in the cells blow cold air directly on the beds. Plaintiff also claims that the water temperature in the showers is not regulated to a "reasonable temperature" and that Defendant Arpaio makes detainees wear pink clothing that labels the detainees as "unsentenced."

In his Request for Relief, Plaintiff seeks compensatory and punitive monetary damages, declaratory and injunctive relief, the appointment of an "independent observer," and a public apology from Defendant Arpaio.

## IV. Failure to State a Claim

Section 1983 provides a cause of action against persons acting under color of state law who have violated rights guaranteed by the United States Constitution and federal law. 42 U.S.C. § 1983; see also Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995). "It

cannot be said that all . . . conditions . . . , even if discomforting or undesirable, amount to deprivations of constitutional dimensions . . . . [A] federal court is not the proper forum for challenging or changing every aspect of the harsh realities of confinement unless conditions cannot be tolerated under the Constitution." Thomas v. Smith, 559 F. Supp. 223, 224 (W.D.N.Y. 1983) (quoting Griffin v. Smith, 493 F. Supp. 129, 131 (W.D.N.Y. 1980)). Plaintiff's allegations in Count III do not rise to the level of constitutional violations. Accordingly, Count III will be dismissed for failure to state a claim upon which relief may be granted.

**V.     Claims for Which an Answer Will be Required**

Liberally construed, Plaintiff has stated a claim in Counts I and II. Accordingly, the Court will require Defendant Arpaio to answer Counts I and II.

**VI.    Warnings**

**A.     Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.     Copies**

Plaintiff must serve Defendant, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D. Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #3) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff **must pay** the $350.00 filing fee and is assessed an initial partial filing fee of $19.71.

(3) Count III of the Complaint is **dismissed** for failure to state a claim upon which relief may be granted.

(4) Defendant Joseph Arpaio **must answer** Counts I and II of the Complaint.

(5) The Clerk of Court **must send** to Plaintiff a service packet including the Complaint (Doc. #1), this Order, and both summons and request for waiver forms for Defendant Arpaio.

(6) Plaintiff **must complete and return** the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7) **If** Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(I).

(8) The United States Marshal **must retain** the Summons, a copy of the Complaint, and a copy of this Order for future use.

(9) The United States Marshal **must notify** Defendant of the commencement of this action and **request waiver of service** of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable

and waivers of service of the summons. **If** a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

    (a) personally serve copies of the Summons, Complaint, and this Order upon the Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10) **If Defendant agrees to waive service of the Summons and Complaint, he must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11) Defendant **must answer** Counts I and II of the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12) This matter is **referred** to Magistrate Judge Michelle H. Burns pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 14th day of January, 2010.

*/s/ David G. Campbell*
David G. Campbell
United States District Judge