SVK

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Bruce Thurman Ward, | ) | No. CV 09-2075-PHX-DGC (MHB) |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| Joseph Arpaio, | ) | |
| Defendant. | ) | |

Plaintiff Bruce Thurman Ward filed this civil rights action under 42 U.S.C. § 1983 against Maricopa County Sheriff Joseph Arpaio. (Doc. 1.) Defendant moves to dismiss on the ground that Plaintiff failed to exhaust his administrative remedies.[1] (Doc. 8.) The motion is ready for ruling. (Doc. 10, 13.) The Court will grant the motion and terminate the case.

**I.     Background**

Plaintiff alleged in Count I of his Complaint that Defendant sets policy and deliberately instructs his staff to feed inmates only two meals per day. Plaintiff contended that the meals are stale, spoiled, and lack necessary nutrition. In Count II, he asserted that Defendant deliberately sets policy and directs his staff to overcrowd the holding cells and that the conditions are unsanitary. (Doc. 1.) The Court directed Defendant to answer Counts

---

[1] The Court sent the Notice required under Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 9.)

I and II and dismissed the remaining Count. (Doc. 4.) Defendant then filed a Motion to Dismiss for failure to exhaust administrative remedies. (Doc. 8.)

## II. Motion to Dismiss

### A. Legal Standard

Under the Prison Litigation Reform Act (PLRA), a prisoner must exhaust available administrative remedies before bringing a federal action concerning prison conditions. See 42 U.S.C. § 1997e(a); Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001). And a prisoner must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 548 U.S. 81, 92 (2006).

Exhaustion is an affirmative defense. Jones v. Bock, 549 U.S. 199, 212 (2007). Thus, the defendant bears the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. Id. at 1119-20. Further, a court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

### B. Parties' Contentions

#### 1. Defendant

In support of his motion, Defendant submits the declaration of Sergeant Susan Fisher (Doc. 8, Ex. 1, Fisher Decl.); the Maricopa County Sheriff's Office (MCSO) Inmate Grievance Procedure, DJ-3 (id., Ex. 1-A); the MCSO Rules and Regulations for Inmates (id., Ex. 1-B); and an Inmate Grievance Form (id., Ex. 1-C).

Fisher attests that she receives, processes, tracks, and stores inmate grievances. (Id. Fisher Decl. ¶ 2.) MCSO uses a multi-tiered grievance system: (1) the initial grievance to the line officer and response; (2) the review of the grievance by the shift supervisor and response; (3) the review of the grievance and decision by the Bureau Hearing Officer; (4) the

institutional appeal to the Jail Commander; and (5) the External Appeal. (Id. ¶ 4.) Fisher asserts that Plaintiff admitted that he filed no grievances regarding receiving only two meals per day or complaining that the quality of the food is bad and the quantity is small or complaining about overcrowding and unsanitary intake/booking or holding cells. (Id. ¶ 8-9.) She also attests that both of these matters are grievable issues because under the grievance policy, jail conditions can be grieved. (Id..) Fisher notes that Plaintiff filed at least 10 grievances regarding other conditions of confinement. (Id. ¶ 7.)

### 2. Plaintiff

In opposition, Plaintiff argues that when he attempted to grieve the issue of the amount and quality of the food, Sergeant J.J. Kellel refused to accept the grievance. Plaintiff alleges that he was then coerced into signing the grievance as "resolved" under threat of pod lockdown. (Doc. 10, Pl's Unsworn Decl. at 1.) He also contends that sergeants block the grievance process by not entering the pod every 48 hours and that, in general, the grievance process is blocked by detention officers. (Id. at 1-2.) Detention officers block the process by "losing" documents and by not giving out forms. (Id. at 2.) Plaintiff alleges that during trips to and from court, detention officers will not respond to requests for grievances and if an inmate pounds on the door to gain attention, then all inmates will be ignored and even forced to miss an early bus back to the jail. (Id. at 3.) Plaintiff also asserts that overcrowding is not grievable because a resolution must be included and the only solution would be to create more cells or to transfer fewer inmates to court each day. (Id.) Plaintiff submits two inmate grievance forms, one dated February 1, 2010 and the other dated April 2, 2010; a newspaper article[2]; and a list of inmates who Plaintiff asserts have witnessed a 48-hour period when no grievance walk was done by a sergeant.

### 3. Reply

In support of his reply, Defendant submits a second declaration from Susan Fisher (Doc. 13, Fisher Decl.); and the declarations of Sergeant Bishop and Detention Officer (DO)

---

[2] This appears to discuss Graves v. Arpaio, CV-77-0479-PHX-NVW.

Koecny, both with attachments (id., Exs. 2, 3.) As to the food claim, Defendant asserts that counsel and MCSO have been unable to identify any detention officer or sergeant by the name of Kellel. (Doc. 13 1-2.) They respond to Plaintiff's claims about problems with a grievance from February 1, 2010, when he was not able to inspect his bag lunch. (Id.) Defendant argues that it is unclear if Plaintiff is claiming that he could not appeal the issues in his Complaint due to detention officers not picking up his appeal request or due to the 48-hour time period elapsing or if these are just general complaints unrelated to his claims. (Id. at 2.) Defendant contends that Plaintiff's assertions are therefore insufficient to establish that he was prevented from exhausting administrative remedies. (Id.)

Defendant asserts that inmates may file a grievance about anything related to conditions of confinement, including a claim that detention officers are obstructing or interfering with the grievance process and that the inmate has been abused or retaliated against by a detention officer. (Id. at 3.) They contend that Plaintiff never filed a grievance regarding either allegation.

DO Konecny remembers Plaintiff and his grievance regarding his food. Konecny highlighted a portion of the inmate rules and regulations and returned the grievance to Plaintiff to complete properly. (Id., Konecny Decl. ¶ 5, Ex. 3A.) Konecny attests that he never threatened Plaintiff with any type of punishment. (Id. ¶ 6.) Konecny does have the authority to shut down a pod, but a supervisor must be notified and shutting down a Pod is controlled by policy. (Id. ¶ 7, Ex. 3B.) Konecny never threatened to shut down the pod if Plaintiff appealed his grievance. (Id.)

Defendants acknowledge that sometimes, for security reasons, inmates will not be provided forms or pencils to file a grievance, but when conditions return to normal, inmates are provided the items necessary to file their grievances. (Id., Bishop Decl. ¶ 13.) Policy provides that inmates have 48 hours in which to file their grievance after an event; if a security or other concern prohibits an inmate from obtaining the necessary items to file a grievance or if grievances are not picked up due to a security concern, the time period for filing the grievance is extended. (Id.)

Defendants also acknowledge that inmates in holding areas are not provided with pencils or grievance forms due to security issues. (Id. ¶ 15.) But inmates are given access to the grievance process when they return to their housing units and have 48 hours from this time to file their grievance. (Id.) Defendants assert that Plaintiff never complained he was not allowed to appeal his grievances. (Id. ¶ 19.)

**C.  Analysis**

The Court will grant the motion. The Court finds that Defendant provides evidence of the existence of a grievance procedure, that Plaintiff failed to exhaust his remedies under the procedure, and that Plaintiff fails to offer a sufficient reason for his failure.

First, regarding the claims related to food, although Plaintiff now asserts that Sergeant Kellel refused to accept the grievance and that Plaintiff was coerced into signing off under threat of pod lockdown, in his Complaint Plaintiff stated that he did not exhaust on this claim because it was "non-grievable policy." (Doc. 1 at 3.) In addition, it is unclear to the Court how Plaintiff could have been coerced into signing off on the grievance if it was not accepted. Apparently to support his claim of coercion, Plaintiff submits a grievance, dated April 2, 2010, about receiving only two meals a day with insufficient food; however, Konecny specifically denies threatening Plaintiff regarding this grievance. Moreover, the April 2010 grievance post-dates the filing of the Complaint and cannot be the basis of exhaustion. See McKinney v. Carey, 311 F.3d 1198, 1120-21 (9th Cir. 2002) (PLRA mandates that an inmate exhaust remedies *before* filing a lawsuit; exhausting remedies during the course of the lawsuit does not comply with the requirement). As to the grievance dated February 1, 2010, submitted by Plaintiff, that grievance only alleges missing cookies and receiving insufficient meat slices.

Next, as to the claim of overcrowding, Plaintiff asserts that during trips to and from court, officers will not hand out grievance forms. Defendants acknowledge this and provide evidence that this is due to security concerns. They also state that an inmate can file a grievance when he returns from court. Plaintiff does not assert that he attempted to do this. His only reason for failing to submit a grievance is his claim that overcrowding is not

grievable because he must present a resolution. This is insufficient to defeat Defendant's assertion that it is grievable as a condition of confinement. See Booth, 532 U.S. at 741(exhaustion is required even if the specific remedy sought is not available through the grievance process).

The Court will grant Defendant's motion and dismiss Plaintiff's claims without prejudice.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is withdrawn as to Defendant's Motion to Dismiss (Doc. #8).

(2) Defendant's Motion to Dismiss (Doc. #8) is **granted**, and the claims are **dismissed without prejudice**.

(3) The action is terminated, and the Clerk of Court must enter judgment accordingly.

DATED this 13th day of July, 2010.

_____
David G. Campbell
United States District Judge